## THE STATE'S TREASURER *vs.* CHARLES SEAVER *et al.*

A bond of recognizance, taken by a judge, conditioned for the appearance of a prisoner at the next county court, when the cause has gone on exceptions to the supreme court, is void, nothwithstanding the cause afterwards came to said county court for new trial.

This was an action of debt on a recognizance for the sum of one thousand dollars, taken by a judge of the county court. By the declaration it appeared in substance that Charles Seaver was indicted, and on trial was found guilty at the August term of Orleans county court, 1830; exceptions were filed to the charge of the court which were allowed, and the cause was passed to the supreme court to be holden in March following. In September 1830, this recognizance was taken, conditioned that said Charles, then in prison, should appear before *the county court* then next to be holden in April 1831, and there answer, &c. At the March term of the supreme court a new trial was granted for error in the charge of the court and the cause was remanded to the court for trial at the April term 1831; but Seaver made default, and did not appear.

To this declaration there was a general demurrer. The county

ORLEANS,
March,
1835.

Treasurer
vs.
Seaver et al.

court rendered judgment that the declaration was insufficient, to which the plaintiff excepted, whereupon the cause passed to the supreme court.

*Redfield, for plaintiff.*—This being a general demurrer to the declaration, the only questions raised are as to the validity of the recognizance upon which this suit is predicated. This was a recognizance taken by a judge of the county court in vacation, after verdict against the respondent, on an indictment for subornation of perjury, the county court having under the act of 1828, certified questions of law arising on the trial, and permitted those questions to pass to the supreme court.

The first question is, " had the judge any authority to take recognizance in such cases. For if not the recognizance is clearly void. This question must be determined by reference to the early statutes, for the statutes of '24 and '28 changing the criminal jurisdiction of the courts, do not attempt to enumerate the cases in which recognizance may be taken, but only prescribe the form of taking. The revised statute, page 69, section 39, it is enacted, " That when any person shall be confined, for *any bailable offence*, triable before the supreme or county courts, any judge of the county court shall have power to bail the prisoner by taking recognizance," &c. There would then seem to be no doubt of the authority of the judge to take recognizance in this case. It cannot be argued that this provision was not intended to reach and does not reach this case. We might as well exclude any other or every other case from its provisions. The humane spirit of our laws requires that all offences should be bailable until after final *judgment*. A verdict concludes nothing, as was apparent in this case, where a new trial was granted.

2. It is insisted that although the judge had authority to take the recognizance, he has not taken it in the prescribed form, and that it is void for that reason. It is said the recognizance should have been " made returnable to the *supreme* court.

On a comparison of all the statutes upon this subject, it would seem that so far from this being true, the recognizance must have been *void* had it been so taken. The section last referred to was enacted under a different organization of the courts, from that which obtained at the time of taking this recognizance, and its provisions, so far as the form of the recognizance is concerned, have not only been changed, but virtually repealed by the act of 1824.—R. L. page 121, section 10. This section provides that " all recognizances

ORLEANS,
March,
1835.

Treasurer
vs.
Seaver et al.

taken by *any* judge or justice of the peace shall be *made returna-ble before the next county court.*"   And the statute of 1828 upon this subject, section 2, provides, " That no such recognizance shall be discharged by reason of the continuance or removal of any cause to the supreme court," and " that the neglect of the respondent to appear when called in either of the courts aforesaid shall be a for-feiture."   From a just comparison of those enactments, it is at least questionable whether the recognizance would not have been void had it been taken in any other form.   Surely it would have been void had it been taken for the supreme court only.   It would be saying too much, to assert that we may disregard these recent stat-utes, which are so explicit, and resort to the unintelligible phrase-ology of the old statute.   It cannot now be said that any criminal cases are properly *triable* before the supreme court.   These courts are now virtually blended.   A criminal case is clearly triable where the jury pass upon it.   They are here judges both of law and fact. The court are mere advisers.   They are to see that no wrong is done the respondent, but they are clearly not the *triers*.   A crim-inal case is virtually always in the county court.   The questions of law are certified to the supreme court, and they certify their opinion to the county court, but have no power to try the case. The county court " respite sentence and stay execution," and the case is clearly not in the supreme court to be *tried,* but certain parts are there to be *revised,* and not even this until the session of the supreme court.   The case is still pending in the county court. The respondent is in the custody of the officer, by virtue of an order from the county court, and he holds the respondent, as the officer of the county and not of the supreme court.   The legisla-ture with this view of the subject have required *all* recognizances to be *made returnable to the county court.*   And although it might be true in this case, that it was competent for the judge to have in-serted in the recognizace a condition to appear at the county or supreme court, it clearly was not required, and the act of 1828 seems to have been passed expressly to meet the case of such a recognizance.

But had the law expressly required that the recognizance should be made returnable to either or both of these courts, it is difficult to see how the connusors could take advantage of an omission which was for their benefit.

Had the bond required more than the law, or any thing different from the law, it would have been clearly void as in the Connecti-cut case, 7 Conn. 236, *Billings* vs. *Avery,* where in addition to

ORLEANS,
March,
1835.

Treasurer
vs.
Seaver et al.

the usual condition, the respondent bound himself to keep the peace; and all the cases in the books are of this character; but the mere admission of one alternative of the condition, which in the event became of no consequence, cannot upon any principle of analogy to official bonds or recognizances, affect the validity of the obligation. Could it be said this holds true of the recognizances taken from public officers, or in cases of bastardy? I think few lawyers will pretend it. *Woldo* vs. *Spencer*, 4 Conn. 71. But if the plain and reasonable enactments of the statutes upon this subject are to be regarded, this suit must be sustained. It has always been held that a voluntary bond or recognizance, not requiring any thing against law is valid.—*Young* vs. *Shaw*, 1 D. Chip. 226.—*Cloff* vs. *Cofran*, 7 Mass. 98,—Cited Big. Dig. 127.

*Fletcher for the defendants.*—1. Are the conditions of this recognizance in strict accordance to the statute. If they are not then the bond of recognizance is void.—*Lyon* vs. *Ide*, N. Chip. Rep. 49, 52.—*Commonwealth* vs. *T. Morey*, 8 Mass. 78.—*Commonwealth* vs. *Laveridge*, 11 Mass. 337.—*Commonwealth* vs. *J. Ward*, 4 Mass. 497.—*Reinolds* vs. *Smith*, 3 Petersdorf, 22.—*Moor* vs. *Finch*, 3 Petersdorf, 33.

Previous to the taking of the recognizance the cause had been received into the supreme court. The records in contemplation of law were there. The county court had no longer jurisdiction or control of the action. It was for Seavers appearance at that court at their next stated term in March 1831, that he stood committed for his appearance. It was in that court Seaver's trial was to be had. It was there he was bound to appear. It was in that court the sheriff was to have him. And it was in that court, and that only, the statute authorized the judge to recognize him to appear.

It was to that court the bonds of recognizance could only be returned, and be made a matter of record. Wherever the original action and the records are they draw to them all the incidents. The recognizance is but incident to the action in which it is taken, and to be obligatory should have been returned to the supreme court where the original action was pending, and there have been made a matter of record. But it was taken and made returnable to the county court. The county court could not take jurisdiction of this bond of recognizance and make it a matter of record, for the original action was pending in the supreme court. The supreme court could have no jurisdiction of the recognizance and make that a matter of record, because the recognizance was not

ORLEANS,
March,
1835.

Treasurer
vs.
Seaver et al.

made returnable to that court.  If the county court had no juris-
diction of the recognizance when it was first entered into, it did not
become obligatory by the cause being sent there afterwards for the
act of the supreme court in granting a new trial and remanding the
cause to the county court could not make the recognizance obliga-
tory, if it was void in its creation.   What would have become of
the recognizance if the court had sustained the charge of the judge
to the jury.   No action could have been sustained upon it.   The
county court could not  by  certio rari  have  brought the record of
the supreme into the county court.   If the supreme court had or-
dered the bond of recognizance into their court they could not have
proceeded upon it, for the condition of it was not that Seaver
should have appeared at that court but at the county court.   It is
novel that the records of the cause should be in one court and the
bond for the appearance of respondent in another.   This practice
would be manifestly irregular.   As well might the conditions of the
recognizance have been for the appearance of Seaver at the probate
court or before a justice of peace or any other court.   The court
before which the bond of recognizance is made returnable, and be-
fore which the prisoner is bound to appear, must at the time the
recognizance is entered into have jurisdiction of the action and of
the prisoner, or the recognizance is void.   Had the conditions of
the recognizance entered into by Seaver at the April term of the
county court been that Seaver should have appeared before the
supreme court at March term 1831, thus passing over August term
of the county court, anticipating that the cause would pass to the
supreme court, and as it did in fact, would the recognizance have
been obligatory.   By no means ; for at the time of entering into
it, the supreme court had neither jurisdiction of the respondent nor
of the action, nor was there any legal certainty they ever would
have.   The recognizance is void, because it was not taken in con-
formity to the statute.   It was not taken for the appearance of
the prisoner before the court where the trial was to be had.   It
was not taken for the appearance of the prisoner before the court
at which by law he was bound to appear.   It was not made re-
turnable to the court which had jurisdiction of the case and of the
prisoner,   The recognizance is incident to the action, and must
follow it as an appendage, or it is void.   It is taken to secure the
personal appearance of the prisoner to receive sentence in case the
court award it, and if otherwise taken is absolutely void.   It was a
matter of legal uncertainty whether the cause would or would not
be remanded to the county court ; and its having been sent back

does not cure the irregularity and make that obligatory which in its creation was void. Every thing is to be presumed in favor of bail. They are the favorites of law and never to be charged unless by its strict operation. To charge them is often to visit the iniquities of others upon them, which is oppressive and unjust. The offender is often a son, a brother, or a particular friend, for whom they feel the greatest sympathy or charity until he is found guilty. This is the case under consideration, and the court will not charge them unless the law is imperative.

ORLEANS,
March,
1835.

Treasurer
vs.
Seaver et al.

The opinion of the court was delivered by

COLLAMER, J.—A recognizance is an incident and attendant on a suit or prosecution, taken to secure and enforce some *duty*, previously existing. The duty must have existed *by law*, and if the duty is created *by the recognizance*, or, in other words, if the recognizance requires more than the law, it is void.

By the statute of 1828 on exceptions being taken and allowed to questions arising on jury trial in a criminal case, the county court are not to render judgment, but the cause is " to pass to the supreme court for final decision," and the supreme court are to render judgment and cause execution thereof, or by said court the cause may be remanded to the county court, if necessary, for a new trial. The record and the whole papers pass from the county court where exceptions are allowed, and no cause remains in that court. No *scire facias* could issue from that court on any record of the cause then, nor could that court any more require the prisoners attendance or appearance before that court. It had become the duty of the prisoner to appear before the supreme court. This recognizance then 'in requiring the appearance before the county court required what was not then a legal duty of the prisoner, and attempted an incident to the records of a court which had no files or records of such a case as then an existing cause in that court.

It is urged that this recognizance is taken agreeable to the statute of 1824. By the statute of 1797 bond was to be taken for appearance to the supreme or county court as the case might require; as each court had their criminal jurisdiction. By the statute of 1824 the recognizance was for appearance to the county court only, as that court only had then any criminal jurisdiction. By the statute of 1828, as already shown, jurisdiction was again given to the supreme court. By this the same state of circumstances arose as required the bond to be taken as by the statute of 1797 and to that should it conform.

ORLEANS,
March,
1835.

Treasurer
vs.
Seaver et al.

If the recognizance was not good when taken no subsequent contingency would render it good. Hence the subsequent result that the supreme court granted a new trial and remanded the case to the county court for trial could not effect this recognizance, previously taken. Should a justice of the peace recognize a criminal to appear at the supreme court instead of the county court, would it not be void? And if void, it would not be revived and set up by the happening of the subsequent contingency of the case going to the supreme court on exceptions.

As to the second section of the statute of 1828 it obviously relates entirely to recognizances taken for appearances at the county court in the first instance, and legal when taken and providing they shall not be discharged by subsequent continuances or by the cause passing to the supreme court. This does not relate to a bond illegal in its inception.

                                        Judgment affirmed.